Donald R. Morey v. Commissioner.
Morey v. Commissioner
Docket No. 7248-70 SC.,
United States Tax Court
T.C. Memo 1972-95; 1972 Tax Ct. Memo LEXIS 163; 31 T.C.M. (CCH) 374; T.C.M. (RIA) 72095; April 25, 1972, Filed. Donald R. Morey, pro se, 101 Woodbine Ave., Syracuse, N. Y. John E. White, for the respondent. CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: Respondent determined a deficiency of $419.77 in petitioner's 1968 income tax. There are three issues for decision: (1) whether petitioner is entitled to a deduction for medical and dental expenses in an amount *164 greater than that allowed by the respondent in his statutory notice of deficiency; (2) whether petitioner is entitled to a deduction for charitable contributions in an amount greater than that allowed by the respondent in his deficiency notice; and (3) whether petitioner is entitled to a deduction for travel expenses (meals) while away from home in pursuit of a trade or business. Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with the exhibit attached thereto, is incorporated herein by reference. Petitioner is a single individual who lived in Syracuse, New York, at the time he filed his petition in this case. He timely filed a return for 1968 with the District Director at Buffalo. During 1968 and for many years prior thereto, petitoner was a fireman on the Penn Central Railroad. During that year, petitioner was assigned the run between Syracuse and Niagara Falls and return. On petitioner's run, he would leave Syracuse at 12:30 a.m., and arrive at Niagara Falls between 6:00 a.m. and 7:30 a.m. At some time between 4:00 p.m. and 7:30 p.m., petitioner would depart Niagara Falls for the return trip to Syracuse, arriving in the latter city *165 about midnight. Petitioner made the round-tri& run at least two times every week, and on every third week three times. During 1968, petitioner made the round trip run 110 times. During his layovers in Niagara Falls, petitioner, who remained on call by the railroad, got some sleep in a YMCA located at the yards, and the expense of these quarters was borne by the railroad. Also during his layovers, petitioner ate two meals; and in this regard, the railroad gave him reimbursement of $1.50 per day. Petitioner took those meals at restaurants located near the yards, and he claims to have spent $5 per day for them. Petitioner paid hospitalization insurance premiums of $10.10 per month, or $121.20 for the year. He paid $25.00 for dental services and $125 for medical services of physicians. Petitioner made charitable c3ntributions of $25 in excess of the $82 which respondent allowed in his notice of deficiency. Opinion 1. Medical and Dental Expenses and Charitable Contributions. - Petitioner impressed the Court as a straightforward and honest taxpayer, and we believe that he expended more for the above purposes than has been allowed by the respondent in his notice of deficiency. *166 Accordingly, under Cohan v. Commissioner, 39 F. 2d 540, and bearing heavily against petitioner for his inexactitude which is of his own making, we have found as facts the amounts for such purposes which he is entitled to deduct for 1968. We here hold that he is entitled to deduct said amounts, and the parties will utilize such amounts in their computation under Rule 50. The medical expenses will of course be subject to the requirement of exceeding the requiste percentage of petitioner's adjusted gross income. 2. Travel Expenses. - We must, with reluctance, sustain the respondent on this issue. This result is compelled by Section 274(d) of the Internal Revenue Code which 375 provides in here pertinent part as follows: "No deduction shall be allowed * * * under Section 162 or 212 for any traveling expenses (including meals and lodging while away from home) * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * *, (B) the time and place of the travel * * *, (C) the business purpose of the expense * * *." This record is devoid of any records of petitioner's *167 travel expenses and of any evidence corroborating his statements made in testimony at the trial. Thus, it must be that while we are convinced that the petitioner did eat two meals during each of his layovers at Niagara Falls and that they cost him more than the $1.50 which the railroad gave him as meal money, we must sustain disallowance of his claimed deduction of $392 of unreimbursed expenses, for the reason that he presented no records or corroborating evidence as mandated by the statute. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.